# In the United States Court of Federal Claims

No. 24-510
Filed: March 24, 2025

|  |  |
|---|---|
| JONATHAN STEELE, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) |
|  | ) |
| THE UNITED STATES, | ) |
|  | ) |
| Defendant. | ) |

**ORDER**

On April 2, 2024, plaintiff, Mr. Jonathan Steele, proceeding *pro se*, filed a complaint in this Court alleging that the U.S. Air Force used him as a spy in active-duty service for over twenty years with no pay, but that he is unable to remember this service. *See* Complaint [hereinafter Compl.] at 12, 94, ECF No. 1-2; Am. Compl. [hereinafter Am. Compl.] at 5, ECF No. 13. Mr. Steele requests that the Court award him "medical retirement" from the Air Force with backpay, "combat pay pension," ten to twenty-four years of active-duty military pay, "disability retirement benefits," "compensation for emotional pain and suffering, medical malpractice," and reinstatement in the Air Force Reserves. Compl. at 3, ECF No. 1; Am. Compl. at 3, 6, ECF No. 13. Mr. Steele seeks relief of "$10,000,000 to $1,000,000,000, or whatever Judge thinks is fair." *Id.* at 1, ECF No. 1-1 (cleaned up).

This Court's jurisdictional grant is primarily defined by the Tucker Act, which grants this Court subject-matter jurisdiction over claims brought against the United States that are grounded on a money-mandating source of law and do not sound in tort. 28 U.S.C. § 1491(a)(1). Rule 12(h)(3) of the Rules of the United States Court of Federal Claims ("RCFC") states that, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." R. Ct. Fed. Cl. 12(h)(3).

Mr. Steele previously served active-duty in the Air Force for less than six months in 1999 and in 2005. Compl. at 27–28, ECF No. 1-2. He also served in the Air Force Reserves for about nine years and was honorably discharged in 2009 for physical and medical disqualification. Compl. at 4, ECF No. 1-2. He apparently also believes that "he has been serving in active duty for over 20 years and is still being used as a spy," where the military placed "cameras, chips and bombs" in him, and used him to "work for free in very dangerous situations," without military pay for being a "test subject." Compl. at 12, 94, ECF No. 1-2. Mr. Steele suffers from Schizoaffective Disorder. Compl. at 90, ECF No. 1-2.

Defendant correctly argues that this Court lacks jurisdiction over Mr. Steele's claims sounding in tort.  *See* Defendant's Motion to Dismiss [hereinafter Def.'s Mot.] at 7, ECF No. 16.  Because plaintiff is claiming that defendant committed the torts of battery (*i.e.*, placing various items inside of him), intentional or negligent infliction of emotional distress, and medical malpractice, this Court lacks jurisdiction over Mr. Steele's tort claims.  28 U.S.C. § 1491(a)(1).

Defendant also correctly argues that this Court lacks jurisdiction for Mr. Steele's failure to state a claim upon which relief can be granted for three primary reasons: (1) Mr. Steele fails to allege sufficient facts to support his conclusions; (2) Mr. Steele fails to exhaust required administrative remedies; and (3) this Court lacks jurisdiction to reinstate a service member.  *See generally* Def's. Mot.

First, this Court lacks jurisdiction over Mr. Steele's claims for combat pay, backpay, combat related special compensation, and medical retirement because, for each claim, Mr. Steele fails to allege sufficient facts that would show more than a possibility of liability, and has thus failed to state a claim upon which relief can be granted pursuant to RCFC Rule 12(b)(6).  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 500 U.S. 544, 557 (2007) (holding that the Court is not required to accept as true conclusory "naked assertion[s] devoid of further factual enhancement."); *see also Accord Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992) (holding that a court may dismiss a claim for being factually frivolous when the facts alleged are clearly baseless or delusional); *Constant v. Advanced Micro-Devices, Inc.*, 848 F.2d 1560, 1565 (Fed. Cir. 1988) (holding that granting a motion to dismiss for failure to state a claim upon which relief can be granted is appropriate where a plaintiff cannot prove any facts in support of his claim that would entitle him to relief).

Regarding Mr. Steele's claims for combat pay and backpay, Mr. Steele claims that he is owed these payments because the military has been using him "for ulterior motives" in active duty and "as a spy" for ten to twenty-four years in addition to his two documented periods of service.  Compl. at 12, 94, ECF No. 1-2; Compl. at 3, ECF No. 1; Am. Compl. at 5, ECF No. 13.  But Mr. Steele has "no memory" of this period or of being on active duty, and he does not provide any evidence of this continued service.  Compl. at 17, ECF No. 1-2; Am. Compl. at 4, ECF No. 13.  Additionally, to the extent that Mr. Steele's claim for medical retirement is an appeal of the Air Force Board for Correction of Military Records' denial of his application for medical retirement benefits, Mr. Steele claims that the board was "biased" because it favored the Air Force's medical opinions over his own statements.  Compl. at 1.  Yet, Mr. Steele does not provide any evidence to support this assertion.  Because each of these claims are conclusory allegations with no factual support, Mr. Steele fails to state a claim upon which relief can be granted, and this Court lacks jurisdiction over these baseless claims.  *Accord Denton*, 504 U.S. at 32–33.

Second, this Court lacks jurisdiction over Mr. Steele's request for this Court to review the Merit Systems Protection Board's denial of his application for disability retirement benefits under the Federal Employees Retirement System ("FERS") because FERS claims must instead be appealed to the Federal Circuit.  *See* 5 U.S.C. §§ 7703(b)(1)(B); *see also Hasan v. United States*, 171 Fed. Cl. 167, 172 (2024).  Mr. Steele similarly did not exhaust administrative remedies for his combat-related special compensation claim (*i.e.*, his claim for "combat pay

2

pension"). Compl. at 3, ECF No. 1. For this Court to have jurisdiction, Mr. Steele was first required to seek review from a military board of his alleged entitlement to this disability retirement claim, which he did not do. *Chambers v. United States*, 417 F.3d 1218, 1225 (Fed. Cir. 2005).

Third, this Court does not have jurisdiction to reinstate a service member once his enlistment term has expired. *Hwang v. United States*, 94 Fed. Cl. 259, 264 (2010); *Dodson v. United States*, 988 F.2d 1199, 1208 (Fed. Cir. 1993). Because this Court does not have authority to reinstate Mr. Steele, the Court will not do so.

For the reasons set forth above, defendant's Motion to Dismiss is hereby **GRANTED**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge